# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50245 | **DATE** | 10/11/2002 |
| **CASE TITLE** | HEITZINGER vs. HAZCO ADVENTURE CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the order appealed from is not a final order and the court lacks appellate jurisdiction under 28 U.S.C. § 158(a)(1). This appeal is dismissed.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | OCT 15 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 10-11-02 date mailed notice | |
| /SEC | courtroom deputy's initials | 2002 OCT 11 PM 2:41 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Appellant, Kent Heitzinger, appeals from an order of the bankruptcy court denying his motion, pursuant to Fed. R. Civ. P. 60(b) (made applicable in bankruptcy by Fed. R. Bankr. P. 9024), for relief from a bankruptcy court order finding him in contempt. Appellant was held in contempt for failure to turn over certain assets of appellee, Hazco Adventure Company, the debtor in a chapter 11 proceeding, which had been repossessed by appellant prior to appellee's bankruptcy filing. The court questioned its appellate jurisdiction and asked for supplemental briefs on whether the contempt order of January 17, 2002, was final and appealable and if it was not whether the order denying Rule 60(b) relief from the contempt order was final and appealable. Appellant's supplemental brief argues the contempt order was not final. Appellee did not file either an appellee's brief or the supplemental brief requested by the court.

In order to be final and appealable an order of contempt must include a finding of contempt and the imposition of sanctions. See U.S. ex rel. Small Business Admin. v. Torres, 142 F.3d 962, 969 (7th Cir. 1998). The January 17, 2002, order was not final because it did not quantify the sanction to be imposed and continued the matter for determination of costs, attorney's fees, and additional sanctions. See id. at 969-70. Because the order was not final, Rule 60(b) did not govern appellant's request that the bankruptcy court change its finding of contempt. See Student Loan Marketing Ass'n. v. Lipman, 45 F.3d 173, 175 (7th Cir. 1995), (Rule 60(b) applies only to final judgments not interlocutory orders). Because the motion was not, in fact, a 60(b) motion, its denial is not final for it is simply the denial of a request for interlocutory relief. While the court in Lipman held that the district court's order denying the motion for relief as untimely was a final decision because "it made clear that the district court intended to conduct no further proceedings in the case", Lipman, 45 F.3d at 177, no such factor is present here. The bankruptcy court clearly intended to conduct further proceedings which would ultimately lead to the imposition of sanctions. The finding of contempt would be reviewable on appeal from the final order imposing sanctions. See Kamen v. Kemper Fin. Serv., Inc., 908 F.2d 1338, 1341 (7th Cir. 1990), rev'd on other grounds, 500 U.S. 90 (1991) ("An appeal from the final judgment brings up for review all decisions that shaped the contours of that judgment").

For the foregoing reasons, the order appealed from is not a final order and the court lacks appellate jurisdiction under 28 U.S.C. § 158 (a) (1). The appeal is dismissed.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Kent A. Heitzinger            **JUDGMENT IN A CIVIL CASE**

      v.                            Case Number: 02 C 50245

Hazco Adventure Company

☐      Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■      Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the order appealed from is not a final order and the court lacks appellate jurisdiction under 28 U.S.C. § 158(a)(1). This appeal is dismissed.

FILED-WD
2002 OCT 11 PM 2:41
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 10/11/2002

Susan M. Wessman, Deputy Clerk